**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

APR 12 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.    22-30015 |
| Plaintiff-Appellee, | D.C. No. 2:20-cr-00032-JCC-2 |
| v. | |
| KALEB J COLE, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Western District of Washington
John C. Coughenour, District Judge, Presiding

Argued and Submitted March 28, 2023
Seattle, Washington

Before:  NGUYEN and HURWITZ, Circuit Judges, and GUTIERREZ,[**] Chief District Judge.

Kaleb Cole was convicted on several counts of violating 18 U.S.C. §§ 245, 371, and 876(c) based on his participation in a campaign of mailing threatening posters.  Cole raises several challenges to his convictions and sentence.  We have

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The Honorable Philip S. Gutierrez, Chief United States District Judge for the Central District of California, sitting by designation.

jurisdiction under 28 U.S.C. § 1291 and affirm.

1. In reviewing a conviction based on a true threat, we "[d]efer[] to the jury's findings on historical facts, credibility determinations, and elements of statutory liability" and "consider whether the verdict is supported by substantial evidence." *United States v. Hanna*, 293 F.3d 1080, 1088 (9th Cir. 2002). If substantial evidence exists, "we then conduct an independent review of the record" and decide whether the facts establish a true threat. *Id.* A true threat is a "statement[] where the speaker means to communicate a serious expression of an intent to commit an act of unlawful violence." *Thunder Studios, Inc. v. Kazal*, 13 F.4th 736, 746 (9th Cir. 2021) (quoting *Virginia v. Black*, 538 U.S. 343, 359 (2003)).

The record supports the jury's finding that the three mailed posters were true threats under both an objective and subjective standard. *See United States v. Keyser*, 704 F.3d 631, 638 (9th Cir. 2012). The first poster depicts a man in a skull mask holding a Molotov cocktail in front of a burning house and states, "your actions have consequences our patience has its limits." The second poster states, with the text broken up by swastikas, "we are watching we are noone [sic] we are everyone we know where you live do <u>not</u> fuck with us." And the third poster, similarly broken up by swastikas, states, "two can play at this game these people have names and addresses," and depicts armed individuals below the phrase "death

to pigs" standing behind another person. The victims who received the posters at their homes testified that they feared for their safety, and group chat messages and undercover recordings showed that Cole and his co-conspirators intended the posters to communicate threats of violence.

2.     We review a district court's denial of a motion to suppress de novo, *United States v. Crews*, 502 F.3d 1130, 1135 (9th Cir. 2007), and a magistrate judge's finding of probable cause to issue a search warrant for clear error, giving "great deference" to that finding, *United States v. Krupa*, 658 F.3d 1174, 1177 (9th Cir. 2011) (citation omitted). Here, the magistrate judge could reasonably infer from the supporting affidavit that Cole discussed and coordinated the postering campaign; other information also indicated Cole's leadership and involvement in Atomwaffen's activities. The magistrate judge thus had a substantial basis to find probable cause to search Cole's house. *See United States v. Gourde*, 440 F.3d 1065, 1069 (9th Cir. 2006) (en banc) (explaining that courts should not "flyspeck" an affidavit).

3.     To receive a *Franks* hearing, a defendant must show that (1) the affidavit contained intentionally or recklessly false statements or misleading omissions and (2) the false statements or omissions were material to the finding of probable cause. *See United States v. Meek*, 366 F.3d 705, 716 (9th Cir. 2004). Here, the details about the FBI informant that were omitted from the affidavit were

3

immaterial to the finding of probable cause. Even if the magistrate judge had considered the informant's fifteen-year-old conviction and receipt of approximately $140,000 from the FBI over sixteen years, the other information in the affidavit, such as screenshots of the group chat messages, nevertheless supports a finding of probable cause. *See United States v. Meling*, 47 F.3d 1546, 1553–55 (9th Cir. 1995) (holding that the omission of an informant's ten-year-old convictions and receipt of a $100,000 reward was immaterial). The district court thus did not err in denying a *Franks* hearing.

4. We review a district court's denial of a motion to dismiss based on speedy trial grounds de novo and the court's factual findings for clear error. *United States v. Lam*, 251 F.3d 852, 855 (9th Cir. 2001). The district court here considered all applicable factors, including Cole's eighteen-month pretrial detention, issues stemming from the COVID-19 pandemic, the violent nature of his felony charges, and Cole's failure to consistently invoke his speedy trial right. The district court thus did not err in denying Cole's motion to dismiss. *See United States v. Olsen*, 21 F.4th 1036, 1040–49 (9th Cir. 2022); *United States v. King*, 483 F.3d 969, 975–77 (9th Cir. 2007).

5. We review statutory and constitutional challenges to the composition of a jury "independently and non-deferentially." *United States v. Sanchez-Lopez*, 879 F.2d 541, 546 (9th Cir. 1989). Because Cole has failed to establish that jurors

4

who are unvaccinated against COVID-19 constitute a distinctive group, his fair cross section challenge fails. *See Duren v. Missouri*, 439 U.S. 357, 363–64 (1979); *United States v. Kleifgen*, 557 F.2d 1293, 1296 (9th Cir. 1977).

6.    We review factual findings made in conjunction with sentencing for clear error and the application of the Sentencing Guidelines for abuse of discretion. *United States v. Harris*, 999 F.3d 1233, 1235 (9th Cir. 2021). The district court did not err in applying sentencing enhancements under U.S.S.G. §§ 2A6.2(b)(1)(D), for Cole's "threatened use[] of a dangerous weapon," and 3B1.1(a), for Cole's role as an "organizer" or "leader," because the poster depicting an individual with a Molotov cocktail in front of a burning house is a true threat, and evidence, such as group chat messages, undercover recordings, and trial testimony, showed that Cole was an organizer and leader of the postering campaign.

**AFFIRMED.**